# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **AMY HEINTZMAN** <br> 9053 Revere Run <br> West Chester, OH 45069 | : <br> : <br> : <br> : | Case No. 1:20-CV-00409 <br> <br> **Judge** |
| **Plaintiff,** | : <br> : | |
| vs. | : <br> : | |
| **INTEGRA LIFESCIENCES CORPORATION** <br> 4900 Charlemar Drive <br> Cincinnati, OH 45227 | : <br> : <br> : <br> : <br> : | |
| **Defendant.** | : | |

___

# COMPLAINT AND JURY DEMAND
___

Plaintiff Amy Heintzman, for her Complaint against Defendant Integra LifeSciences Corporation, state as follows:

## I. Preliminary Statement

1.  This is a civil rights action arising out of Plaintiff's employment with Integra LifeSciences Corporation ("Integra"). Plaintiff alleges that she was discriminated and retaliated against on the basis of her gender, on the basis of her association with an African American coworker, and in retaliation for lodging complaints of gender and race discrimination.

2.  Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, the Ohio Civil Rights Act, Ohio Rev. Code § 4112.02 *et seq.*, and 42 U.S.C. § 1981.

3. Plaintiff seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both her economic and non-economic injuries. She also seeks liquidated and/or punitive damages, equitable relief in the form of reinstatement or front pay, and her reasonable attorney fees and costs in prosecuting this matter.

## II. Jurisdiction and Venue

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by Title VII and 42 U.S.C. § 1981. This Court may assume supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims derive from the same nucleus of operative facts as her federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio, Western Division.

## III. Parties

6. Plaintiff Amy Heintzman (f/k/a Amy Greene) is a United States citizen and resident of West Chester, Ohio. Ms. Heintzman is Caucasian.

7. Defendant Integra is a foreign corporation doing business in the Southern District of Ohio. Integra is an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act.

## IV. Administrative History

8. On or about August 12, 2019, Ms. Heintzman filed a charge of discrimination against Integra with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2019-01662, alleging that she had been a victim of employment discrimination on account of her gender and for associating with an African

American employee, and that she was retaliated against for complaining about discrimination in the workplace. The EEOC issued Ms. Heintzman's Notice of Right to Sue on February 21, 2020.

9. Ms. Heintzman has filed this claim within 90 days of receiving that notice.

## V. Statement of the Case

10. Integra hired Ms. Heintzman in or about March 2015 as a Materials Planner. Originally, Ms. Heintzman reported to Jason Thompson. Under Mr. Thompson's supervision, Ms. Heintzman received positive performance reviews and raises.

11. In or about August 2017, Integra hired Richard Sauter, Materials Manager. After his hire, Ms. Heintzman reported to Mr. Sauter.

12. In October 2018, Ms. Heintzman told Mr. Sauter that she was getting a divorce.

13. Mr. Sauter began to closely monitor Ms. Heintzman thereafter. For example, he began tracking when she came and left the facility for her shift, how long she was away from her desk, how long she took her lunches, and required that she text message or email him if she was working late or on the weekend. Mr. Sauter did not hold any other employee under his supervision to this standard.

14. Around this same time, Ms. Heintzman was speaking on the floor of the facility with Antonio Bird, an African American employee at Integra. Mr. Sauter pulled Ms. Heintzman aside and told her that the image of Ms. Heintzman speaking with Mr. Bird "did not look good." Ms. Heintzman asked for clarification on what Mr. Sauter meant. Mr. Sauter repeated that the image "did not look good." Ms. Heintzman told Mr.

Sauter that he was questioning her association with Mr. Bird because he is African American.

15. At the time Mr. Sauter made the comment, Ms. Heintzman was in a romantic relationship with Mr. Bird. While they had not affirmatively told anyone they were dating, many people, sometimes in Mr. Sauter's presence, would ask Ms. Heintzman if she was dating Mr. Bird.

16. Following her conversation with Mr. Sauter, Ms. Heintzman filed a complaint with Sheryl Loving-Layfield, an employee in Integra's local human resources department, claiming she was the victim of race discrimination because of Mr. Sauter's comment regarding Mr. Bird and gender discrimination for Mr. Sauter's treatment of Ms. Heintzman after informing him of her divorce. Ms. Loving-Layfield told Ms. Heintzman that she would look into her complaints.

17. After Ms. Heintzman reported the incident to human resources, Mr. Sauter's scrutiny over her work and interactions with coworkers worsened. Because of this, Ms. Heintzman requested a meeting with Ms. Loving-Layfield and Mr. Sauter in November 2018. During this meeting, Ms. Heintzman raised the issues of unfair scrutiny, as well as her claims of gender and race discrimination. Ms. Loving-Layfield told her that they would not be talking about those issues, despite Ms. Heintzman having requested the meeting to address those complaints. Instead, Ms. Loving-Layfield and Mr. Sauter discussed alleged issues with Ms. Heintzman's performance. Ms. Heintzman denied any problems with her performance.

18. Because of Ms. Loving-Layfield's inaction in addressing her complaints, Ms. Heintzman filed a complaint with Integra's corporate human resources department in January 2019.

19. Shortly thereafter, Kristen Cummings, a human resources representative in Integra's corporate human resources department, contacted Ms. Heintzman. Ms. Cummings told Ms. Heintzman she would be investigating Ms. Heintzman's complaints. Ms. Heintzman provided Ms. Cummings with a list of witnesses. Upon information and belief, Ms. Cummings never contacted any of the witnesses Ms. Heintzman provided.

20. On February 19, 2019, Ms. Loving-Layfield and Kurt Aissen, Plant Manager, called a meeting with Ms. Heintzman. Mr. Aissen informed Ms. Heintzman that Integra was terminating her for her performance. Ms. Heintzman pointed out that her termination could not be performance-based because her product line had three consecutive quarters of record sales, selling $2 million over her projected $6 million in sales, as well as making improvements in safety stock. Mr. Aissen would not expand on his claim that Ms. Heintzman's performance was poor.

21. The acts and/or omissions of Integra were taken intentionally, maliciously, and purposefully, with a conscious disregard for Ms. Heintzman's rights under federal and state civil rights laws.

22. As a direct and proximate result of Defendant's actions, Ms. Heintzman has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to her professional reputation.

## VI. Statement of the Claims

### Count 1: Gender Discrimination
### (42 U.S.C. § 2000e and Ohio Rev. Code § 4112.02)

23. Plaintiff incorporates paragraphs 1 through 22 as if fully rewritten herein.

24. Ms. Heintzman is a member of a protected class.

25. Integra terminated Ms. Heintzman.

26. Ms. Heintzman was qualified for the position of Materials Planner.

27. Ms. Heintzman was treated differently than similarly situated, male employees.

28. As a result of Integra's illegal actions, Ms. Heintzman has suffered damages including lost wages and emotional distress.

29. Integra acted with malice and a conscious disregard for Ms. Heintzman's federally protected rights.

### Count 2: Retaliation (Gender)
### (42 U.S.C. § 2000e and Ohio Rev. Code § 4112)

30. Plaintiff incorporates paragraphs 1 through 29 as if fully rewritten herein.

31. Ms. Heintzman engaged in protected activity when she complained of gender discrimination.

32. Integra knew of her protected activity.

33. Integra terminated Ms. Heintzman.

34. There is a causal connection between Ms. Heintzman's complaints of gender discrimination and her termination.

35. As a result of Integra's illegal actions, Ms. Heintzman has suffered damages including lost wages and emotional distress.

36. Integra acted with malice and a conscious disregard for Ms. Heintzman's federally protected rights.

### Count 3: Race Discrimination
### (42 U.S.C. § 2000e, 42 U.S.C. § 1981, and O.R.C. § 4112.02)

37. Plaintiff incorporates paragraphs 1 through 36 as if fully rewritten herein.

38. Ms. Heintzman associated with a member of another race, specifically, she was romantically involved with an African American coworker.

39. Ms. Heintzman was qualified for the position of Production Planner.

40. Integra terminated Ms. Heintzman.

41. Ms. Heintzman was treated less favorably than similarly situated coworkers who did not so associate with a member of another race.

42. As a result of Integra's illegal actions, Ms. Heintzman has suffered damages including lost wages and emotional distress.

43. Integra acted with malice and a conscious disregard for Ms. Heintzman's federally protected rights.

## Count 4: Retaliation (Race)
### (42 U.S.C. 2000e, 42 U.S.C. § 1981 and O.R.C. § 4112.02)

44. Plaintiff incorporates paragraphs 1 through 43 as if fully rewritten herein.

45. Ms. Heintzman engaged in protected activity when she complained of race discrimination.

46. Integra knew of her protected activity.

47. Integra terminated Ms. Heintzman.

48. There is a causal connection between Ms. Heintzman's protected activity and her termination.

49. As a result of Integra's illegal actions, Ms. Heintzman has suffered damages including lost wages and emotional distress.

50. Integra acted with malice and a conscious disregard for Ms. Heintzman's federally protected rights.

## **Prayer for Relief**

Wherefore, Ms. Heintzman demands judgment against Integra LifeSciences Corporation as follows:

1. An award of compensatory damages for all economic damages suffered by Plaintiff in an amount to be determined at trial;

2. An award of compensatory damages for all non-economic damages suffered by Plaintiff in an amount to be determined at trial;

3. For an order reinstating Plaintiff to her previous position at Integra, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4. For an award of punitive damages in an amount to be determined at trial;

5. For an award of Plaintiff's reasonable attorney fees and costs;

6. For an award of any other relief in law or equity to which Plaintiff is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Daniel J. Treadaway (OH No. 0098000)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff Amy Heintzman*

## **JURY DEMAND**

Plaintiff Amy Heintzman demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)